IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-184-BO

| | |
|---|---|
| THE RESOURCE ROOM SI, INC. )<br>Plaintiff, )<br> )<br>v. )<br> )<br>DERIC BORRERO, )<br>Defendant. ) | O R D E R |

This cause comes before the Court on defendant's motion to dismiss, or in the alternative, to transfer. Plaintiff has responded, defendant has replied, and the motion is ripe for disposition. For the reasons that follow, defendant's motion is granted in part and denied in part.

BACKGROUND

Plaintiff commenced this action by filing a complaint on May 5, 2022, alleging claims under the Lanham Act for trademark infringement; trademark infringement, passing off, and unfair competition; and false advertisement. Plaintiff further alleges claims for violation of North Carolina's Unfair and Deceptive Trade Practices Act and for common law unfair competition and trademark infringement. The facts alleged in plaintiff's complaint are summarized as follows.

Since approximately 2015, plaintiff has used the trademarks THE RESOURCE ROOM and THE RESOURCE ROOM & Design Mark in conjunction with educational services, which include early childhood instruction, tutoring, and educational testing and test preparation services. Plaintiff originally offered these services in and around the State of New York, but in 2020 opened a new location in Holly Springs, North Carolina after plaintiff's founders, Joe and Samara Cuccurullo, moved to North Carolina. Plaintiff also offers educational services online. After the Cuccurullos moved to North Carolina, plaintiff continued to offer educational services in the New

York area. Plaintiff alleges that its customers have come to recognize the high quality, individually tailored services offered by plaintiff as associated with its trademarks.

Defendant Borrero is a former employee of plaintiff, who plaintiff alleges began embezzling plaintiff's funds after the Cuccurullos moved to North Carolina. Prior to the discovery of the alleged embezzlement, Borrero travelled to North Carolina multiple times to help open plaintiff's Holly Springs location. This included helping to plan marketing activities and the ownership and use of plaintiff's trade and service marks. Borrero assisted in promoting the Holly Springs location on social media and claims to have invested in the Holly Springs location.

Plaintiff alleges that Borrero began informing plaintiff's customers that they could pay for plaintiff's services by transferring money to Borrero's personal Venmo account and that Borrero featured plaintiff's marks on his personal website to induce customers into believing that Borrero's individual services were being offered on behalf of or in association with plaintiff.

Borrero contends that this Court lacks personal jurisdiction over him and that venue is improper and he has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). In the alternative, defendant requests that this action be transferred to the United States District Court for the Eastern District of New York where he contends both personal jurisdiction and venue properly lie. Plaintiff opposes both dismissal and a change of venue.

## DISCUSSION

I.   Personal jurisdiction.

Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). When a court considers a challenge to personal jurisdiction without an evidentiary hearing and on

the papers alone, it must construe the relevant pleadings in the light most favorable to the plaintiff. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

At the outset, the Court in its discretion declines to order jurisdictional discovery or hold an evidentiary hearing, which neither party has requested. The Court will resolve the motions on the basis of the briefing and the affidavits submitted by the parties, and thus plaintiff must at this stage make a *prima facie* showing. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009); *see also Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196 (4th Cir. 2018) ("when considering a motion to dismiss under Rule 12(b)(2) at such a preliminary stage, even when the motion is accompanied by affidavits, we give the plaintiffs' allegations a favorable presumption, taking the allegations in the light most favorable to the plaintiff."). Accordingly, the Court's ruling is preliminary, and plaintiff retains the burden of demonstrating personal jurisdiction at each stage. *Sneha Media*, 911 F.3d at 196-97.

North Carolina's long-arm statute is construed to extend jurisdiction to the full extent provided by the federal due process clause, and thus the inquiry is a single question: whether the plaintiff has made an appropriate showing that the defendant has sufficient contacts with North Carolina to satisfy the Due Process Clause of the Fourteenth Amendment. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558-59 (4th Cir. 2014).

Due process requires that a defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted). Two types of personal jurisdiction are recognized: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

3

To satisfy due process, a plaintiff asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). This record does not support an allegation that Borrero has such continuous and systematic contacts with North Carolina such that he is essentially at home here, which is necessary to support a finding of general jurisdiction.

Plaintiff has, however, sufficiently alleged and supported that the Court has specific personal jurisdiction over Borrero. A court considers three factors to determine whether it has specific personal jurisdiction over a nonresident defendant: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012).

Purposeful availment is a flexible inquiry which is concerned with the quality and nature of the defendant's contacts with the forum state. *Id.* There are a number of factors courts consider when determining whether a defendant has purposely availed itself of the privilege of conducting business in the forum state, including:

> (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

4

*Sneha Media*, 911 F.3d at 198–99. Here, plaintiff submits that Borrero travelled to North Carolina on multiple occasions to engage in activities relating to the promotion of plaintiff's Holly Springs location, that while in North Carolina Borrero discussed with the Cuccurullos marketing activities as well as ownership and use of the Resource Room marks. Plaintiff further submits that Borrero filmed a marketing video for plaintiff discussing its grand opening in Holly Springs, promoted the Holly Springs location opening on social media, and claims to have invested or contributed to plaintiff's Holly Springs location. [DE 18-1] Cuccurullo, S. Decl.

As discussed above, at this stage, the Court draws all inferences in plaintiff's favor and determines that plaintiff has sufficiently demonstrated purposeful availment at this stage. Borrero travelled to North Carolina multiple times to help plan and promote plaintiff's North Carolina business in which he allegedly claims an interest. Borrero thus took advantage of North Carolina's business laws and regulations and sought to profit from a North Carolina business. In other words, Borrero's contacts with North Carolina were not "random, fortuitous, or attenuated". *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 351 (4th Cir. 2020) (citation omitted). Although Borrero contends that his contacts with North Carolina occurred only because he was lured here on a false promise of ownership, [DE 15] Borrero Decl. ¶ 56, the Court must resolve all inferences in plaintiff's favor at this stage. Borrero further admits that in the video he helped to make for plaintiff's North Carolina business they used terms such as "our new location" and "together collectively," supporting an inference that Borrero intended to benefit from the North Carolina business.

The claims in this suit further arise from Borrero's contacts with North Carolina. Indeed, part of Borrero's discussions while in North Carolina included the trademarks at issue in this case,

5

which plaintiff alleges Borrero infringed or passed off as his own, and plaintiff's claims thus arise out of the activities Borrero allegedly engaged in while in North Carolina.

Finally, the Court determines that it is constitutionally reasonable to exercise personal jurisdiction over Borrero. Factors a court considers in determining whether personal jurisdiction is constitutionally reasonable include:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

*Consulting Engineers Corp.*, 561 F.3d at 279. Borrero does not offer any specific argument as to this prong of the analysis, and the Court concludes that none of the factors weigh so heavily in Borrero's favor that it would offend traditional notions of fair play for Borrero to defend against plaintiff's suit in this Court.

Accordingly, the Court concludes that on this record plaintiff has plausibly alleged that the Court has personal jurisdiction over Borrero.

II. Venue.

Borrero alternatively argues that venue is improper and seeks dismissal under Fed. R. Civ. P. 12(b)(3) or transfer to the Eastern District of New York. Rule 12(b)(3) of the Federal Rules of Civil Procedure allows for dismissal of an action for improper venue.

"The Lanham Act has no special venue provision and thus the general venue statute is applicable." *Savvy Rest, Inc. v. Sleeping Organic, LLC*, No. 3:18CV00030, 2019 WL 1435838, at *7 (W.D. Va. Mar. 29, 2019) (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Venue in a civil action is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

6

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Borrero contends that venue is not proper in this district because he does not reside in North Carolina and the Court lacks personal jurisdiction over him. He further argues that a substantial part of the events giving rise to the claims occurred in New York, not in the Eastern District of North Carolina.

Plaintiff is now a registered North Carolina business and its trademarks are the subject of this Lanham Act action. However, "[i]n trademark infringement actions under the Lanham Act, appellate courts have held that a 'substantial part' of the events giving rise to such claims occurs in any district where consumers are likely to be confused by the accused infringement." *Savvy Rest*, 2019 WL 1435838, at *8. Other courts have held that where the passing off occurred is a correct venue. *Woodke*, 70 F.3d at 985. Moreover, that a district is where the harm of the trademark infringement is felt is not sufficient to establish venue. *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1187 (N.D. Cal. 2014); *see also* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 32:64 (5th ed. 2017).

Here, the complaint is silent as to where Borrero's allegedly infringing activities occurred. For example, the complaint alleges that Borrero actually deceived dozens of plaintiff's customers, but it does not allege where those customers were located. The complaint further alleges that Borrero used his personal Venmo account to accept payments that plaintiff's customers believed would be in satisfaction of services plaintiff provided and that Borrero without authorization used plaintiff's marks in connection with the sale of his own services. Borrero is a citizen and resident

7

of New York, and in his declaration he states that he has never advertised, marketed, or directed advertising specifically to North Carolina residents.

Plaintiff has the burden of establishing that venue in this district is proper once an objection to venue is raised. *United Coal Co. v. Land Use Corp.*, 575 F. Supp. 1148, 1158 (W.D. Va. 1983). In its opposition, plaintiff argues only that Borrero's tortious acts directed at plaintiff and the intangible rights injured by these acts support venue in this district. However, venue is a defendant-focused statute, *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003), and the Lanham Act cases do not appear to support plaintiff's argument that where it feels the harm is an appropriate venue. *See also Blue Water Int'l, Inc. v. Hattrick's Irish Sports Pub, LLC*, No. 8:17-CV-1584-T-23AEP, 2017 WL 4182405, at *3 (M.D. Fla. Sept. 21, 2017) ("the weight of authority holds that trademark infringement and unfair competition occur not where the plaintiff suffers an injury but rather where the alleged infringer sells a product.").

As it appears that plaintiff's choice of venue is based only on where it suffered the alleged injuries due to Borrero's conduct, the Court concludes that, while it has personal jurisdiction over Borrero, venue is improper in this district.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court determines that the interests of justice would be satisfied by transfer of this action to the Eastern District of New York rather than dismissal. Borrero agrees that that district would have personal jurisdiction over him and that venue in that district is proper.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or in the alternative transfer [DE 13] is GRANTED IN PART and DENIED IN PART. This action is hereby TRANSFERRED to the United States District Court for the Eastern District of New York for further proceedings. The clerk is DIRECTED to close the file.

SO ORDERED, this ⁂ day of December 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE